E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03215-S6**

6/10/2022 11:37 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**CATHERINE HALL**
_____

_____

_____

                **PLAINTIFF**

**VS.**

**BANK OF AMERICA CORPORATION**

_____

_____

                **DEFENDANT**

CIVIL ACTION   22-C-03215-S6
NUMBER:_____

> **EXHIBIT**
>
> **A**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Melvin L. Hewitt, Jr.**
> **Isenberg & Hewitt, P.C.**
> **600 Embassy Row, Suite 150**
> **Atlanta GA 30328**

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____day of _____, 20_____.
10th day of June, 2022

                         **Tiana P. Garner**
                         **Clerk of State Court**

                    **By:**_____
                              **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03215-S6**

6/10/2022 11:37 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CATHERINE HALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION FILE** |
| **v.** | ) 22-C-03215-S6 |
| | ) **NO.** _____ |
| **BANK OF AMERICA CORPORATION,** | ) |
| a Delaware corporation, | ) |
| | ) |
| **Defendant.** | ) |

<u>**COMPLAINT FOR NEGLIGENCE**</u>

**COMES NOW CATHERINE HALL,** Plaintiff in the above styled action, and files this

her Complaint for negligence against defendant **Bank of America Corporation** and shows this

Honorable Court as follows:

### THE PARTES, JURISDICTON AND VENUE

1.

Plaintiff, **Catherine Hall** (hereinafter sometimes referred to by name or as "Plaintiff") is a

resident of the State of Georgia and by the filing of this Complaint, submits to the jurisdiction and

venue of this Honorable Court.

2.

Defendant **Bank of America Corporation**  (hereinafter sometimes referred to herein as

"**BOA**" or as "Defendant") is a foreign corporation, lawfully doing business in Georgia.

3.

Defendant **Bank of America Corporation**  has, as its principal place of business at 100

N. Tyron Street, Charlotte, North Carolina 28255 and at all times relevant hereto, owned and

operated and transacted business at its branch location at 1775 Howell Mill Road, Atlanta, Fulton County, Georgia.

4.

Defendant **Bank of America Corporation** has, as its Registered Agent in Georgia, CT CORPORATION, having its office located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

5.

Defendant **Bank of America Corporation** may be properly served in this action by delivering a Summons and Complaint in this action to its Registered Agent, **CT CORPORATION**.

6.

Jurisdiction and venue as to Defendant **Bank of America Corporation** is proper in this Honorable Court.

## **FACTUAL BACKGROUND and ALLEGATIONS**

7.

At or about 1:30 p.m. on April 22, 2022, Plaintiff Catherine Hall went into the 1775 Howell Mill Road branch of Defendant BOA (hereinafter sometimes "the Howell Mill Branch").

8.

Prior to entering the Bank of America Howell Mill branch building, Plaintiff parked her vehicle in the Howell Mill Branch parking area.

9.

After entering the Howell Mill Branch lobby, Plaintiff went to one of the teller areas and withdrew nine thousand ($9,000.00) dollars.

10.

After making the nine thousand ($9,000.00) dollar withdrawal, Plaintiff exited the Howell Mill Branch building and began walking toward her vehicle.

11.

While still in the Howell Mill Branch parking lot, as Plaintiff opened her car door and started to get into her vehicle, an as-yet-to-be-identified black male wearing dark clothing (hereinafter "the assailant") reached into the open door of Plaintiff's vehicle and grabbed at Plaintiff's purse.

12.

The assailant, armed with a black handgun, continued to push and pull the Plaintiff and struggle to steal her purse.

13.

During the above-described assault, Plaintiff was screaming and kicking.

14.

Ultimately the as-yet-to-be-identified black male assailant was able to take the Plaintiff's purse and then ran from the area.

15.

As a result of the attack, Plaintiff's purse and the $9,000.00 withdrawal, along with Plaintiff's cell phone, wallet, credit cards, automobile and house keys, and several other miscellaneous items were stolen.

16.

As a result of the attack, Plaintiff incurred relatively minor physical injuries from the above-described assault as well as a chipped tooth.

## LIABILITY

### COUNT ONE - NEGLIGENCE

16.

Paragraphs 1 through 15 are incorporated herein by reference as though fully and completely set forth.

17.

At all times relevant hereto, Defendant **Bank of America Corporation**, owed a duty to exercise a reasonable degree of care to keep the premises safe from reasonably foreseeable dangerous and unlawful acts on their premises.

18.

At all times relevant hereto, Defendant **Bank of America Corporation** was required to exercise reasonable care and diligence in the performance of carrying out its duties with respect to the Premises.

19.

At all times relevant hereto, Defendant **Bank of America Corporation** knew, not only of reasonably foreseeable dangers associated with people doing business at a banking premises, but of the dangerous conditions on the 1775 Howell Mill Road premises and of the likelihood that acts of violence resulting in injury to customers, invitees, and others lawfully on the premises were reasonably foreseeable.

20.

At all times relevant hereto, Defendant **Bank of America Corporation** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff and others lawfully on the Premises.

21.

The conduct of Defendant **Bank of America Corporation** in caring for, maintaining, controlling and supervising the Premises as described above and to be shown with additional certainty at trial, demonstrated a want of even  the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequences and gross negligence.

22.

At all times relevant hereto, Defendant **Bank of America Corporation** was required to comply with various local, state and/or federal banking laws and regulations.

23.

At all times relevant hereto, Defendant **Bank of America Corporation** was required to perform certain security-related and/or criminal incident related surveys at the premises at issue in this lawsuit.

24.

At all times relevant hereto, Defendant **Bank of America Corporation** knew of available deterrents to the type of crime inflicted upon the Plaintiff.

25.

At all times relevant hereto, Defendant **Bank of America Corporation** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff and others lawfully on the premises from reasonably foreseeable, unlawful criminal acts on their property.

26.

The conduct of Defendant **Bank of America Corporation** in caring for, maintaining, controlling and supervising their premises, demonstrated a want of even  the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequences and gross negligence.

27.

As a direct consequence of the negligence of Defendant **Bank of America Corporation,** Plaintiff incurred significant physical and emotional injuries and was caused to suffer physical and mental anguish, anxiety and distress.

## **DAMAGES**

28.

Paragraphs 1 through 27 are incorporated herein by reference as though fully and completely set forth.

29.

As a direct and proximate result of the negligence of Defendant **Bank of America Corporation,** Plaintiff Catherine Hall sustained personal physical injuries and incurred special damages in the form of medical expenses as follows:

Thomas W. Kauffman, DDS                    $3,375.00

for which she seeks to recover against the Defendant.

30.

As a direct and proximate result of the negligence of Defendant **Bank of America Corporation,** Plaintiff Catherine Hall is likely to incur additional medical expenses prior to and subsequent to the trial of this case, for which Plaintiff seeks to recover against the defendants.

31.

As a direct and proximate result of the negligence of Defendant **Bank of America Corporation**, Plaintiff has suffered general damages to include:

(a)     past, present and future physical pain and suffering;

(b)     past, present and future mental suffering and mental anguish;

(c)     all other components of pain and suffering, in addition to mental and physical pain and suffering;

all of which are compensable under Georgia law and which will be demonstrated at trial and for which the Plaintiff is entitled to recover from the Defendants.

32.

As a direct and proximate result of the negligence of the Defendant **Bank of America Corporation**, Plaintiff Catherine Hall incurred special damages including but not necessarily limited to the nine thousand ($9,000.00) dollars in cash stolen from her in the above described incident as well as  the expenses incurred for having her vehicle towed to the dealership ($295.00) to have new automobile keys and programmed ($842.91) as well as having the locks changed and new keys made at her home ($574.63).

## COUNT TWO - BAD FAITH UNDER O.C.G.A. 13-6-11

33.

Paragraphs 1 through 32 are incorporated herein by reference as though fully and completely set forth.

34.

Defendant **Bank of America Corporation,** by and through her agents, has acted in bad faith, has been stubbornly litigious in its conduct and has put the Plaintiff to unnecessary trouble and expense.

23.

By virtue of the foregoing, Defendant **Bank of America Corporation** has acted in bad faith, has been stubbornly litigious in his conduct and has caused Plaintiff unnecessary trouble and expense.

**WHEREFORE,** having set forth her claims for relief, Plaintiff prays that she recover judgment against Defendant **Bank of America Corporation** as follows:

(a)     For trial by jury; and

(b)     To the extent permissible by law, for compensatory damages for the physical and emotional pain and suffering of Plaintiff in amount to be determined by the enlightened conscience of the jury; and

(c)     To the extent permissible by law for Plaintiff's special damages for her loss of personal assets, including the $9,000.00 in cash stolen from her, the expenses incurred to replace the stolen set of keys, and all Plaintiff's expenses associated with the medical expenses she incurred as a result of the assault she incurred on Defendant's Premises as shown at trial; and

(d)     For attorney's fees and costs of litigation; and

(e)     For such other and further relief as this court deems just and proper.

This 10th day of June, 2022.

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
MELVIN L. HEWITT, JR.
Georgia Bar No. 350319
HILARY HUNTER
Georgia Bar No. 742696
Attorneys for the Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03215-S6**
**6/10/2022 11:37 AM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CATHERINE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | 22-C-03215-S6 |
| | ) | NO. _____ |
| BANK OF AMERICA CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that a copy of:

(i)     *Plaintiff Catherine Hall's First Interrogatories to Defendant Bank of America Corporation*; and

(ii)    *Plaintiff Catherine Hall's First Request for Production of Documents and Notice to Produce under O.C.G.A. § 24-10-26 to Defendant Bank of America Corporation*

will be served upon defendant with a copy of the Summons and Complaint.

This 10th day of June, 2022

                                        ISENBERG & HEWITT, P.C.

                                        */s/ Melvin L Hewitt*
                                        MELVIN L. HEWITT, JR.
                                        Georgia Bar No. 350319
                                        HILARY W. HUNTER
                                        Georgia Bar No. 742696
                                        **Attorneys for Plaintiff**

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
T 770-351-4400
F 770-828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CATHERINE HALL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | |
| | ) | **NO. 22-C-03215-S6** |
| **BANK OF AMERICA CORPORATION,** | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PLAINTIFF CATHERINE HALL'S FIRST INTERROGATORIES**
**TO DEFENDANT BANK OF AMERICA CORPORATION**

    **COMES NOW Plaintiff Catherine Hall,** by and through undersigned counsel, and serves these First Continuing Interrogatories upon defendant **Bank of America Corporation** (hereinafter sometimes referred to as "BOA" or as "Defendant") and requests that said Interrogatories be answered fully, in writing and under oath within forty-five ( 45) days of service.

    Each interrogatory is addressed to the personal knowledge of the Defendant addressed above, as well as to the knowledge and information of Defendant's attorneys, agents, and other representatives.

    These interrogatories shall be deemed continuing so as to require supplemental answers if the persons to whom these interrogatories are addressed obtain further or different information between the time answers are served and the time of trial, as required by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.    "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2.    "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.    To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

   (a)    The title or other means of identification of each such document;

   (b)    The type of document (e.g., letter, memorandum, record);

   (c)    The date of each such document;

   (d)    The author of each such document;

   (e)    The recipient or recipients of each such document, including but not limited to plaintiff or anyone who purports to represent the plaintiff;

   (f)    The present location of any and all copies of each such document in the care, custody, or control of plaintiff;

   (g)    The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

   (h)    If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the

Page -2-

document and the date the document was destroyed.

In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these interrogatories to attach a copy of each such document to the answers hereto and reference said document to the particular interrogatory to which the document is responsive.

4.     To "identify" a natural person means to state that person's full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.     "Plaintiff" refers to the named plaintiff.

6.     "Defendant", "you" or "your" refers to, without limitation, the named defendant, **Bank of America Corporation** (sometimes referred to as "**BOA**") and any entities which it either is or has been affiliated, together with its respective predecessors, successors, parents, or subsidiary entities as well as any officer, director, employee, attorney, agent, or representative of any such entity or other business. Any reference to any other defendant shall identify such other defendant by name.

7.     "Complaint" refers to the Complaint filed by the plaintiff as set forth in the style above.

8.     The term "the initial occurrence which forms the basis of this lawsuit" shall be deemed to mean the armed robbery of Plaintiff Catherine Hall on the premises of the Bank of America branch bank located at 1775 Howell Mill Road, Atlanta, Georgia at or about 1:30 p.m. on April 22, 2022.

9.     Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

10.     Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## INTERROGATORIES

1.

Please state the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant Bank of America Corporation. [It is not necessary to identify counsel or any person who merely assisted in a clerical function.]

2.

State the name and address of each person whom, to your knowledge and to include experts, have any knowledge of the relevant facts related to the initial occurrence which forms the basis of this lawsuit.

3.

Please describe any insurance agreement which may be liable to satisfy part or all of any judgement which may be entered in this action, or which may be utilized to indemnify or reimburse this Defendant for payments made to satisfy any judgement obtained against Defendant Bank of America Corporation as a result of this lawsuit.  In your response to this interrogatory, please state the correct name of the entity insured(s), the name of the insurer(s), the policy number(s) and the amount(s) of any liability insurance coverage. [Note: You may satisfy your obligation to respond to this interrogatory by providing a copy or copies of any applicable declaration page(s) for any applicable policy(ies).]

4.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendant Bank of America Corporation is requested to (i) identify each person whom Defendant Bank of America Corporation expects to call as an expert witness at trial; (ii) state the subject matter on which

such expert is expected to testify, (iii) state the substance of the facts and opinions to which the expert is expected to testify and (iv) provide the summary of the grounds of each opinion.

5.

Please describe in detail all previous incidents of which Defendant Bank of America Corporation is aware which involved anyone being injured on the 1775 Howell Road, Atlanta, Georgia BOA bank  premises **as a result of any act or acts of violence** (to include any assault, battery, robbery or any use of force). [This interrogatory seeks information regarding third party assaults or attacks committed on the premises by third parties and is limited in time for the period January 1, 2019 through the date of your response.]

6.

Please describe any claims or lawsuits for personal injuries occurring at any Bank of America branch in Georgia that have been made or brought against the Defendant Bank of America Corporation **as a result of any act or acts of violence** (to include any assault, battery, robbery or any use of force). [This interrogatory seeks information regarding third party assaults or attacks committed on the premises by third parties and is limited in time for the period January 1, 2019 through the date of your response.]

7.

Please fully and completely describe how Defendant Bank of America Corporation (i) monitors activity (including but not limited to criminal activities) on its 1775 Howell Road, Atlanta, Georgia BOA bank  premises. This interrogatory seeks full disclosure of the location and monitoring of the premises utilizing surveillance cameras and monitors as well as the presence of security officers. . **[This interrogatory excludes any disclosure of information reported as part of  Suspicious Activity Reports (SARs) required by Sub part B under the**

**Bank Security Act.]**

8.

Please fully and completely describe how Defendant Bank of America Corporation (i) monitors activity (including but not limited to criminal activities) at its Georgia branch locations other than its 1775 Howell Road, Atlanta, Georgia BOA bank premises. This interrogatory seeks full disclosure of the location and monitoring of the premises utilizing surveillance cameras and monitors as well as the presence of security officers and the reasoning and rationale for the deployment or use of surveillance systems and security officers.  [**This interrogatory excludes any disclosure of information prohibited from disclosure under the Bank Security Act .]**

9.

Please fully and completely identify any and all manuals, directives, policies, procedures, protocols, memorandums or other documentation which contain information, direction, policy, guidelines, procedures or protocols pertaining to the inspection of branch bank premises for dangerous or potentially dangerous conditions on its respective branch location premises.  This interrogatory would include documents relating to physical inspections, matrix compilations from gathered information, security surveys, audits or other inspections of branch bank facilities. [Note: The term 'dangerous or potentially dangerous conditions' on the premises is deemed to include any form of criminal activity.]

10.

Please fully and completely describe all security surveys, risk assessments, risk analyses, security audits, threat analysis and other activities, regardless of the term utilized internally by Bank of America Corporation to describe such activity to determine risks of dangerous activity, including criminal activity apt to occur on the 1775 Howell Road, Atlanta,

Georgia BOA bank  premises.  [This interrogatory is limited in time for the period January 1, 2018 through the date of your response and **excludes any disclosure of information reported as part of  Suspicious Activity Reports (SARs) required by Sub part B under the Bank Security Act.**]

11.

If you conducted any survey or analysis or assessment which would involve the possibility or likelihood or foreseeability of any criminal activity on the 1775 Howell Road, Atlanta, Georgia BOA bank  premises (i) please fully and completely describe each such study, survey, inquiry or research project; and (ii) identify the author or person in charge or responsible for such study, survey, inquiry or research.

12.

To the extent your response to any above interrogatory, please describe any activity on your part during which you tracked or in any way monitored or gathered information pertaining to incidents of criminal activity at your branch bank facilities? In your response, please fully and completely (i) describe how such tracking occurs or occurred; (ii) who is or was ultimately responsible for such criminal incident tracking; and (iii) where or to whom any results were provided.  [This interrogatory is limited in time for the period January 1, 2018 through the date of your response and **excludes any disclosure of information prohibited from disclosure under the Bank Security Act.**]

13.

To the extent it may be different from any above response to any above interrogatory, please fully and completely describe any and all measures employed by you to assist in the prevention, deterrence or detection of criminal activity at your branch banking locations.  [Please

Page -7-

note, this interrogatory is not exclusive to the 1775 Howell Road, Atlanta, Georgia BOA bank premises, but rather, includes all Bank of America branch locations located within the state of Georgia and **excludes disclosure of any information prohibited from disclosure under the Bank Security Act.**]

14.

Please fully and completely describe any **required** reporting between Bank of America Corporation and any law enforcement or police-type agencies (federal, state or local) as such reporting applies to Bank of America's Georgia banking operations. **[This interrogatory does not seek information prohibited from disclosure under the Bank Security Act.]**

15.

If Bank of America Corporation is required to provide any form of report(s) regarding criminal activities relative to Bank of America Corporation's banking facility properties in Georgia, please fully and completely describe (i) the title or designation of such report or reports; and (ii) identify to whom (individual or agency) such report or reports are provided.

16.

Please identify all non-proprietary security service contractors providing any form of physical security service (guards, security officers, patrol services, surveillance companies, etc.) providing services to your 1775 Howell Road, Atlanta, Georgia BOA branch bank premises. [This interrogatory is limited to those contractors providing such services at any time during the three-year period prior to April 22, 2022 through the date of your response to this interrogatory.]

17.

Please identify all BOA employees who were working at the 1775 Howell Road, Atlanta, Georgia BOA branch bank premises on April 22, 2022 between the hours of 11:30 a.m. and 3:00

Page -8-

p.m.  [In your response, please include the title or job description of each individual identified.]

18.

Please identify all security personnel (including any BOA security personnel and any non-proprietary, contract personnel) who were present and working at the 1775 Howell Road, Atlanta, Georgia BOA branch bank  premises on April 22, 2022 between the hours of 11:30 a.m. and 3:00 p.m.

19.

Please identify the individual at BOA whose main responsibility is to oversee physical security at BOA's branch banks. [Note: Oftentimes the person overseeing contract security services for banks is a Security Director.  This Request seeks the identification of the individual, not quartered at the 1775 Howell Road, Atlanta, Georgia BOA branch bank, but rather, the individual overseeing security services at this and other branch locations in the state of Georgia.]

This _10th_ day of June, 2002.

ISENBERG & HEWITT, P.C

MELVIN L. HEWITT, JR.
Georgia Bar No. 350319
HILARY HUNTER
Georgia Bar No. 742696
Attorneys for Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@ienberg-hewitt.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CATHERINE HALL,                          )
                                         )
            Plaintiff,                    )
                                         )   CIVIL ACTION FILE
v.                                       )
                                         )   NO. 22-C-03215-S6
BANK OF AMERICA CORPORATION,             )
a Delaware corporation,                  )
                                         )
            Defendant.                   )

PLAINTIFF CATHERINE HALL'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
and
NOTICE TO PRODUCE under O.C.G.A. 24-10-26
TO DEFENDANT BANK OF AMERICA CORPORATION

COMES NOW CATHERINE HALL (hereinafter sometimes referred to by name or as "Plaintiff") by and through undersigned counsel, and, pursuant to O.C.G.A. § 9-11-34, requests that defendant BANK OF AMERICA CORPORATION (hereinafter sometimes referred to as "BOA" or as "Defendant") in accordance with O.C.G.A. § 9-11-33, produce for inspection and copying, the requested documents and materials described below that are in the possession, custody, or control of the Defendant or its agents or attorneys within forty-five (45) days from the date of service hereof and directed to counsel for the plaintiff at the offices of Isenberg & Hewitt, P.C. at 600 Embassy Row, Suite 150, Atlanta, Georgia 30328.

INSTRUCTIONS

In accordance with O.C.G.A. 24-10-26, you are hereby instructed, to produce at every hearing, trial and every deposition of the defendant or any of its officers or directors in the above-styled case, and from time to time and from term to term, or until the above-styled matter is concluded, the following requested documents and materials and records which are in your

Page -1-

possession, custody or control.

Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production; provided however that nothing in this paragraph shall be deemed to nullify or amend defendant's obligation to present all of the requested documents at any deposition or hearing or trial of this matter.

If privilege is claimed as to any document otherwise covered by this request for production, plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to be accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (*e.g.*, letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. This request for production seeks inspection and copying of documents in the possession of defendant and its agents and attorneys, including both copies and originals, unless otherwise specifically stated.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any

Page -2-

other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2.     "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.     "Plaintiff" refers to the named plaintiff.

4      "Defendant", "you" or "your" refers to, without limitation, the named defendant, **Bank of America Corporation** (sometimes referred to as "**BOA**" or as "Bank of America" or as "Defendant") and any entities which it either is or has been affiliated, together with its respective predecessors, successors, parents, or subsidiary entities as well as any officer, director, employee, attorney, agent, or representative of any such entity or other business.

5.     When documents are requested "in use at its branches" or "applicable to defendant Bank of America's branches" the Request is deemed to mean and include any and all corporate generated or maintained materials <u>and</u> includes any materials (i) generated specifically for Bank of America's 1775 Howell Mill Road, Atlanta, Georgia branch banking location **<u>and</u>** its branches located in the state of Georgia.

6.     Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.     Use of feminine pronouns (she/her/hers) shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## REQUESTS

The documents requested to be produced are the following:

1.

Please produce any and all Bank of America training manuals, handouts, or other written

Page -3-

materials, by any name, which were in use or effect between January 1, 2019 through the date of your response to train Bank of America employees, agents and contractors regarding customer safety or security.

2.

Please produce any and all Bank of America training videos and/or DVDs and/or power point presentations and all like materials which were in use or in effect between January 1, 2019 and the date of your response to train Bank of America's employees, agents or contractors regarding customer safety or security at Bank of America's branch Georgia locations.

3.

Please produce any and all Bank of America employee handbooks which were in use or available for distribution to employees of Bank of America between January 1, 2019 and the date of your response. [This request would include any form of 'Employee Handbook' regardless of the nomenclature utilized by Bank of America.]

4.

Please produce any Bank of America 'Security Department Employee' handbook or manual in effect between January 1, 2019 and the date of your response.

5.

Please produce any and all of Bank of America's procedures, policies, manuals, directives, notices, correspondence or memorandum which was sent to or provided to any of Bank of America's branch personnel in Georgia which in any way discusses security or safety in parking areas of branch facilities. [This Request is limited in time to the period between and including January 1, 2019 through the date of your response.]

Page -4-

6.

Please produce any and all documents, including correspondence, memorandum, letters, notes, emails, directives, alerts, notices and any other form of documentation or memorialization (including documentation that is electronically stored and is capable of retrieval and of being printed) which was utilized internally by Bank of America to assist in keeping Bank of America management aware and/or informed of matters and/or trends pertaining to security at its Branch locations in Georgia.

7.

Please produce any and all security surveys, risk assessments, risk analyses, security audits, threat analysis and other activities, regardless of the term utilized internally by Bank of America to describe such activity to determine risks of dangerous activity, including criminal activity applicable to Bank of America's 1775 Howell Road, Atlanta, Georgia branch location. [This Request is limited in time to applicable documents prepared between and including January 1, 2019 through the date of your response.]

8.

Regardless of format or nomenclature used by Bank of America internally, please produce any and all incident history reports (regardless of the name by which Bank of America defines incident history reports) which in any way memorialize any criminal incidents occurring in the neighborhood (for purposes of this request, the term "in the neighborhood" shall be deemed to mean within .5 miles of your 1775 Howell Road, Atlanta, Georgia property; or in the alternative, in the event Bank of America utilizes a different definition of "in the neighborhood" then within the geographic parameters defined internally by Bank of America). [This request

seeks any and all reports of specific incidents and/or summaries of specific or groups of incidents and/or statistics and/or statistical information regarding incidents of criminal activity on Bank of America's 1775 Howell Road, Atlanta, Georgia property.] **NOTE: This Request specifically excludes Specific Activity Reports (SARs) as required by Subpart B as activities pertain to known or suspicious transactions related to money laundering activities or violations of the Bank Secrecy Act.**

9.

To the extent it may be different from your response to any prior Request, please produce any and all of Bank of America's written or electronically prepared or stored reports regarding branch security audits, findings, warnings, recommendations, evaluations, compliance reviews or reports, etc. pertaining to the general security of its branch banking locations and incidents of criminal activity.  **NOTE: This Request specifically excludes Specific Activity Reports (SARs) as required by Subpart B as activities pertain to known or suspicious transactions related to money laundering activities or violations of the Bank Secrecy Act.**

10.

To the extent it may be different from your response to any above Request and regardless of the format or nomenclature used by Bank of America internally to identify such documentation, please produce any and all incident history reports which in any way memorialize any and all criminal incidents occurring on your 1775 Howell Road, Atlanta, Georgia property between January 1, 2019 through the date of your Response. [This request seeks any and all reports of specific incidents and/or summaries of specific or groups of incidents and/or statistics and/or statistical information regarding incidents of criminal activity

on Bank of America's 1775 Howell Road, Atlanta, Georgia property.] **NOTE: This Request specifically excludes Specific Activity Reports (SARs) as required by Subpart B as activities pertain to known or suspicious transactions related to money laundering activities or violations of the Bank Secrecy Act.**

11.

To the extent not produced in response to any above Request, please produce any and all reports, documents, notes or other tangible documentation relating to:

a.   risk assessments at Bank of America's 1775 Howell Road, Atlanta, Georgia branch location;

b.   incident history records, reports or other documentation pertaining to incidents of crime occurring at Bank of America's 1775 Howell Road, Atlanta, Georgia branch location;

c.   any written or memorialized complaints relating to safety or security or criminal activity at Bank of America's 1775 Howell Road, Atlanta, Georgia branch location.

[This Request is limited in time to applicable documents prepared between and including January 1, 2019 through the date of your response and **specifically excludes Specific Activity Reports (SARs) as required by Subpart B as activities pertain to known or suspicious transactions related to money laundering activities or violations of the Bank Secrecy Act.**

12.

Please produce a complete list of names (contained in any directory, manual, or other document) of Bank of America's security directors and/or managers (to include the identification of Bank of America's designated security officer as required by the Bank Protection Act), and including but is not limited to any current or prior senior corporate-level security director or

Page -7-

manager having **any** responsibility for the risk assessment, security recommendations, security or safety analysis of any of Bank of America's branches in Georgia.

13.

To the extent not produced in response to any above Request, please produce any and all police, sheriff's department or other law enforcement agency incident reports, crime statistic reports, crime or criminal activity reports, crime or criminal activity photographs, crime or criminal activity videos or other tangible documentation of crime or criminal activity kept or maintained in any file pertaining to such activity occurring at Bank of America's 1775 Howell Road, Atlanta, Georgia branch for the period January 1, 2019 through the date of your response.. **[NOTE: This Request specifically excludes Specific Activity Reports (SARs) as required by Subpart B as activities pertain to known or suspicious transactions related to money laundering activities or violations of the Bank Secrecy Act.]**

14.

Please produce copies of any and all documents, reports, records, files, policies, procedures, protocols, directives and any and all other documentation referred to or referenced in your response to Plaintiff's First Interrogatories to Defendant Bank of America.

15.

To the extent the same may be different from any of the above Requests, please produce any and all documents, including correspondence, memorandum, letters, notes, emails, directives, alerts, notices and any other form of documentation or memorialization (including documentation that is electronically stored and is capable of retrieval and of being printed) which supports any contention on the part of defendant Bank of America that it employed any

enhancements that would minimize the risks of loss and/or liability to defendant Bank of America for criminal conduct occurring at its branch locations.

16.

To the extent the same may be different from your response to any above Request, please produce any and all documents, including correspondence, memorandum, letters, notes, emails, directives, alerts, notices and any other form of documentation or memorialization (including documentation that is electronically stored and is capable of retrieval and of being printed) which was utilized in the development of security and/or safety standards as it relates to safety or security of Bank of America's parking area at its branch locations in Georgia.

17.

To the extent the same may be different from your response to any above Request, please produce any emails or other notices sent to any Regional Security Coordinator or Regional Security Manager (or other person, regardless of the title provided to such person by Bank of America) assigned to oversee any of Bank of America's Georgia branch banks relative to or which pertain in any way to security or customer safety at its' Georgia branch bank locations.

18.

To the extent the same may be different from your response to any above Request, please produce

(a)     Bank of America's Operations Notebook (regardless of the name or nomenclature utilized internally by Bank of America) to the extent such Notebook or Manual is applicable to security operations its' parking lots of its branch locations in Georgia;

Page -9-

(b)    Bank of America's Incident Management Guidelines (regardless of the name or nomenclature utilized internally by Bank of America) to the extent the same are applicable to customer safety or security its branch locations in Georgia;

(c)    Bank of America's Security Program Guide and/or Alarm and Video Surveillance Guidelines (regardless of the name or nomenclature utilized internally by Bank of America) applicable to its branch locations in Georgia;

[This Request is limited in time to applicable documents prepared between and including January 1, 2019 through the date of your response.]

19.

In the event Bank of America employed or engaged any contract security or patrol service at its 1775 Howell Road, Atlanta, Georgia branch between January 1, 2019 through the date of your response, please produce:

(a)    any contract for security services provided to the 1775 Howell Road, Atlanta, Georgia branch between January 1, 2019 through the date of your response;

(b)    any reports provided by any such security or patrol service contractor; and

(c)    any and all correspondence between you and any such security or patrol service contractor.

20.

Please produce any and all of the Plaintiff's banking records maintained by you. [This Request <u>does not</u> request or seek financial documents, but rather seeks only any contracts or agreements or correspondence between you and the Plaintiff.]

21.

Please produce any and all documents obtained by you or maintained by you involving or pertaining to the incident giving rise to this lawsuit which were prepared in the normal course of business prior to being notified of this lawsuit or any claim for injuries by the plaintiff was made. [This Request does not seek any work product or attorney-client documents but does seek documents responsive to this Request prepared internally by Bank of America.]

22.

To the extent required by the applicable rules of civil procedure, please produce copies of all reports prepared by any expert or experts, retained or consulted about safety or security which pertain in any way to the incident at issue in this lawsuit.

23.

Please produce any and all insurance agreements, contracts, and/or policies which may be relied upon to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment or award pertaining to this lawsuit.

24.

Please produce any executive committee or board of directors, or management committee meeting notes or minutes discussing or memorializing the incident giving rise to this lawsuit.

25.

Please produce and contract or contracts for physical security services (guard service, patrol service) between you and any contract security provider providing security services to BOA's 1775 Howell Road branch location. [This Request is limited in time to contracts for

services provided during the three years prior to April 22, 2022 through the date of your response.]

26.

Please produce job descriptions for all BOA employees who were present and working at the 1775 Howell Road, Atlanta, Georgia BOA branch bank premises on April 22, 2022 between the hours of 11:30 a.m. and 3:00 p.m.

27.

Please produce all sign-in sheets, daily reports and incident reports prepared by any security service contractor which were applicable to the 1775 Howell Road, Atlanta, Georgia BOA branch bank premises. [This Request is limited in time to documents prepared during the three years prior to April 22, 2022 through the date of your response.]

28.

Please produce any job descriptions, post orders, instructions, guidelines and procedures applicable to individuals providing security services to 1775 Howell Road, Atlanta, Georgia BOA branch bank premises.

This _10th_ day of June, 2022.

MELVIN L. HEWITT, JR.
Georgia Bar No. 350319
HILARY HUNTER
Georgia Bar No.
Attorneys for the plaintiff

**Prepared by:**
ISENBERG & HEWITT, P.C.
Attorney for Plaintiffs
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

Page -12-

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03215-S6**

**6/10/2022 11:37 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CATHERINE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | 22-C-03215-S6 |
| | ) | NO. _____ |
| BANK OF AMERICA CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

This is to certify that a copy of:

(i)    *Plaintiff Catherine Hall's First Interrogatories to Defendant Bank of America Corporation*; and

(ii)   *Plaintiff Catherine Hall's First Request for Production of Documents and Notice to Produce under O.C.G.A. § 24-10-26 to Defendant Bank of America Corporation*

will be served upon defendant with a copy of the Summons and Complaint.

This 10th day of June, 2022

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
MELVIN L. HEWITT, JR.
Georgia Bar No. 350319
HILARY W. HUNTER
Georgia Bar No. 742696
**Attorneys for Plaintiff**

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
T 770-351-4400
F 770-828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03215-S6**

**7/14/2022 6:34 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CATHERINE HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA CORPORATION, )<br>A Delaware corporation, )<br>)<br>Defendant. )<br>)  | CIVIL ACTION FILE<br>NO. 22-C-03215-S6 |

## DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant BANK OF AMERICA, N.A. (improperly named as "BANK OF AMERICA CORPORATION"), a named Defendant in the above-captioned matter, and hereby files this, its Special Appearance Answer to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Defendant files a Special Appearance. Defendant as named is not a proper party to Plaintiff's Complaint and affirmatively shows that the proper Defendant is Bank of America, N.A.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore the same should be dismissed.

### THIRD DEFENSE

No act or omission by Defendant Banks of America, N.A. either caused or contributed to any of the alleged injuries or damages claimed by the Plaintiff with the result that Plaintiff is not entitled to recover anything whatsoever of Defendant Bank of America, N.A. in this matter.

## FOURTH DEFENSE

Plaintiff's injuries and damages, if any, were not foreseeable to Defendant Bank of America, N.A. and are remote from any acts or failure to act on the part of Defendant Bank of America, N.A.

## FIFTH DEFENSE

Plaintiff's injuries and damages, if any, were the result of the acts or failures to act of a person or persons, entity or entities other than Defendant Bank of America, N.A. and accordingly the Plaintiff may not recover from Defendant Bank of America, N.A.

## SIXTH DEFENSE

Plaintiff failed to exercise ordinary care for Plaintiff's own safety and such failure was the sole and proximate cause of any injuries Plaintiff may have sustained.

## SEVENTH DEFENSE

Defendant Bank of America, N.A. shows that the alleged damages of the Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff, and therefore Plaintiff's recovery is barred or should be reduced by the proportion of her negligence.

## EIGHTH DEFENSE

Defendant Bank of America Corporation is an improper party.

## NINTH DEFENSE

Plaintiff's claims are barred by the Georgia Doctrine of assumption of risk.

## TENTH DEFENSE

Jurisdiction is improper as to Defendant Bank of America Corporation.

## ELEVENTH DEFENSE

Venue is improper as to Defendant Bank of America Corporation.

<u>TWELFTH DEFENSE</u>

Defendant Bank of America, N.A. reserves the right to reasonably amend its affirmative defenses as needed or as warranted by discovery in this case.

<u>THIRTEENTH DEFENSE</u>

Defendant Bank of America, N.A. answers the enumerated paragraphs of Plaintiff's Complaint as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff, **Catherine Hall** (hereinafter sometimes referred to by name or as "Plaintiff") is a resident of the State of Georgia and by the filing of this Complaint, submits to the jurisdiction and venue of this Honorable Court.

**<u>RESPONSE</u>: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore, they are denied.**

2.

Defendant **Bank of America Corporation** (hereinafter sometimes referred to herein as "**BOA**" or as "Defendant") is a foreign corporation, lawfully doing business in Georgia.

**<u>RESPONSE</u>: Defendant Bank of America Corporation is an improper party, and therefore, the allegations in Paragraph 2 of Plaintiff's Complaint are denied.**

3.

Defendant **Bank of America Corporation** has, as its principal place of business at 100 N. Tryon Street, Charlotte, North Carolina 28255 and at all times relevant hereto, owned and operated and transacted at its branch location at 1775 Howell Mill Road, Atlanta, Fulton County, Georgia.

**RESPONSE: Defendant Bank of America Corporation is an improper party, and therefore, the allegations in Paragraph 3 of Plaintiff's Complaint are denied.**

4.

Defendant **Bank of America Corporation** has, as its Registered Agent in Georgia, CT CORPORATION, having its office located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

**RESPONSE: Defendant Bank of America Corporation is an improper party, and therefore, the allegations in Paragraph 4 of Plaintiff's Complaint are denied.  By way of further response, it is admitted that Bank of America, N.A.'s registered agent office is located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805.  Except as expressly admitted, the allegations in Paragraph 4 are denied.**

5.

Defendant **Bank of America Corporation** may be properly served in this action by delivering a Summons and Complaint in this action to its Registered Agent, CT CORPORATION.

**RESPONSE: Defendant Bank of America Corporation is an improper party, and therefore, the allegations in Paragraph 5 of Plaintiff's Complaint are denied.**

6.

Jurisdiction and venue as to Defendant **Bank of America Corporation** is proper in this Honorable Court.

**RESPONSE: Defendant Bank of America Corporation is an improper party, and therefore, the allegations in Paragraph 6 of Plaintiff's Complaint are denied.**

## FACTUAL BACKGROUND and ALLEGATIONS

7.

At or about 1:30 p.m. on April 22, 2022, Plaintiff Catherine Hall went into the 1775 Howell Mill Road branch of Defendant BOA (hereinafter sometimes "the Howell Mill Branch").

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint, and therefore, they are denied.**

8.

Prior to entering the Bank of America Howell Mill branch building, Plaintiff parked her vehicle in the Howell Mill Branch parking area.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore, they are denied.**

9.

After entering the Howell Mill Branch lobby, Plaintiff went to one of the teller areas and withdrew nine thousand ($9,000.00) dollars.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore, they are denied.**

10.

After making the nine thousand ($9,000.00) dollar withdrawal, Plaintiff exited the Howell Mill Branch building and began walking toward her vehicle.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore, they are denied.**

11.

While still in the Howell Mill Branch parking lot, as Plaintiff opened her car door and started to get into her vehicle, an as-yet-to-be-identified black male wearing dark clothing (hereinafter "the assailant") reached into the open door of Plaintiff's vehicle and grabbed at Plaintiff's purse.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore, they are denied.**

12.

The assailant, armed with a black handgun, continued to push and pull the Plaintiff and struggle to steal her purse.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore, they are denied.**

13.

During the above-described assault, Plaintiff was screaming and kicking.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore, they are denied.**

14.

Ultimately the as-yet-to-be-identified black male assailant was able to take the Plaintiff's purse and then ran from the area.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint, and therefore, they are denied.**

15.

As a result of the attack, Plaintiff's purse and the $9,000.00 withdrawal, along with Plaintiff's cell phone, wallet, credit cards, automobile and house keys, and several other miscellaneous items were stolen.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore, they are denied.**

16.

As a result of the attack, Plaintiff incurred relatively minor physical injuries from the above-described assault as well as a chipped tooth.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, they are denied.**

## LIABILITY

### COUNT ONE - NEGLIGENCE

17.
(misnumbered as 16)

Paragraphs 1 through 15 [sic] are incorporated herein by reference as though fully and completely set forth.

**RESPONSE: Defendant Bank of America, N.A. incorporates and re-alleges its responses to Paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.**

18.
(misnumbered as 17)

At all times relevant hereto, Defendant **Bank of America Corporation**, owed a duty to exercise a reasonable degree of care to keep the premises safe from reasonably foreseeable dangerous and unlawful acts on their premises.

**RESPONSE: The allegations in Paragraph 18 (misnumbered as 17) of Plaintiff's Complaint contains incomplete legal assertions and/or conclusions to which no response is required.   To the extent a response is required, the allegations in Paragraph 18 (misnumbered as 17) of Plaintiff's Complaint are denied.**

19.
(misnumbered as 18)

At all times relevant hereto, Defendant **Bank of America Corporation** was required to exercise reasonable care and diligence in the performance of carrying out its duties with respect to the Premises.

**RESPONSE: The allegations in Paragraph 19 (misnumbered as 18) of Plaintiff's Complaint contain incomplete legal assertions and/or conclusions to which no response is**

required.   To the extent a response is required, the allegations in Paragraph 19 (misnumbered as 18) are denied.

20.
(misnumbered as 19)

At all times relevant hereto, Defendant **Bank of America Corporation** knew, not only of reasonably foreseeable dangers associated with people doing business at a banking premises, but of the dangerous conditions on the 1775 Howell Mill Road premises and of the likelihood that acts of violence resulting in injury to customers, invitees, and others lawfully on the premises were reasonably foreseeable.

**RESPONSE: The allegations in Paragraph 20 (misnumbered as 19) of Plaintiff's Complaint are denied.**

21.
(misnumbered as 20)

At all times relevant hereto, Defendant **Bank of America Corporation** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff and others lawfully on the Premises.

**RESPONSE: The allegations in Paragraph 21 (misnumbered as 20) of Plaintiff's Complaint are denied.**

22.
(misnumbered as 21)

The conduct of Defendant **Bank of America Corporation** in caring for, maintaining, controlling and supervising the Premises as described above and to be shown with additional certainty at trial, demonstrated a want of even the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequence and gross negligence.

**RESPONSE: The allegations in Paragraph 22 (misnumbered as 21) of Plaintiff's Complaint are denied.**

23.
(misnumbered as 22)

At all times relevant hereto, Defendant **Bank of America Corporation** was required to comply with various local, state and/or federal banking laws and regulations.

**RESPONSE: The allegations in Paragraph 23 (misnumbered as 22) of Plaintiff's Complaint contain incomplete legal assertions and/or conclusions to which no response is required.   To the extent a response is required, the allegations in Paragraph 23 (misnumbered as 22) are denied.**

24.
(misnumbered as 23)

At all times relevant hereto, Defendant **Bank of America Corporation** was required to perform certain security-related and/or criminal incident related surveys at the premises at issue in this lawsuit.

**RESPONSE: Defendant Bank of America, N.A. is without sufficient information or knowledge to form a belief as to the truth of the vague and non-specific allegations in Paragraph 24 (misnumbered as 23) of Plaintiff's Complaint, and therefore, they are denied.**

25.
(misnumbered as 24)

At all times relevant hereto, Defendant **Bank of America Corporation** knew of available deterrents to the type of crime inflicted upon Plaintiff.

**RESPONSE: The allegations in Paragraph 25 (misnumbered as 24) of Plaintiff's Complaint are denied.**

26.
(misnumbered as 25)

At all times relevant hereto, Defendant **Bank of America Corporation** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff and others lawfully on the premises from reasonably foreseeable, unlawful criminal acts on their property.

**RESPONSE:** **The allegations in Paragraph 26 (misnumbered as 25) of Plaintiff's Complaint are denied.**

27.
(misnumbered as 26)

The conduct of Defendant **Bank of America Corporation** in caring for, maintaining, controlling and supervising their premises, demonstrated a want of even the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequences and gross negligence.

**RESPONSE:** **The allegations in Paragraph 27 (misnumbered as 26) of Plaintiff's Complaint are denied.**

28.
(misnumbered as 27)

As a direct consequence of the negligence of Defendant **Bank of America Corporation,** Plaintiff incurred significant physical and emotional injuries and was caused to suffer physical and mental anguish, anxiety and distress.

**RESPONSE:** **The allegations in Paragraph 28 (misnumbered as 27) of Plaintiff's Complaint are denied.**

## **DAMAGES**

29.
(misnumbered as 28)

Paragraphs 1 through 27 [sic] are incorporated herein by reference as though fully and completely set forth.

**RESPONSE: Defendant Bank of America, N.A. incorporates and re-alleges its responses to Paragraphs 1 through 28 (misnumbered as 27) of Plaintiff's Complaint as if fully set forth herein.**

30.
(misnumbered as 29)

As a direct and proximate result of the negligence of Defendant **Bank of America Corporation,** Plaintiff Catherine Hall sustained personal physical injuries and incurred special damages in the form of medical expenses as follows:

Thomas W. Kauffman, DDS               $3,375.00

for which she seeks to recover against the Defendant.

**RESPONSE: The allegations in Paragraph 30 (misnumbered as 29) of Plaintiff's Complaint are denied.**

31.
(misnumbered as 30)

As a direct and proximate result of the negligence of Defendant **Bank of America Corporation,** Plaintiff Catherine Hall is likely to incur additional medical expenses prior to and subsequent to the trial of this case, for which Plaintiff seeks to recover against the defendants.

**RESPONSE: The allegations in Paragraph 31 (misnumbered as 30) of Plaintiff's Complaint are denied.**

32.
(misnumbered as 31)

As a direct and proximate result of the negligence of Defendant **Bank of America Corporation,** Plaintiff has suffered general damages to include:

(a)  past, present and future physical pain and suffering;

(b)  past, present and future mental suffering and mental anguish;

(c)  all other components of pain and suffering, in addition to mental and physical pain and suffering;

all of which are compensable under Georgia law and which will be demonstrated at trial and for which the Plaintiff is entitled to recover from the Defendants.

**RESPONSE: The allegations in Paragraph 32 (misnumbered as 31), including sub-paragraphs (a) through (c), of Plaintiff's Complaint are denied.**

33.
(misnumbered as 32)

As a direct and proximate result of the negligence of the Defendant **Bank of America Corporation,** Plaintiff Catherine Hall incurred special damages including but not necessarily limited to the nine thousand ($9,000.00) dollars in cash stolen from her in the above described incident as well as the expenses incurred for having her vehicle towed to the dealership ($295.00) to have new automobile keys and programmed ($842.91) as well as having the locks changed and new keys made at her home ($574.63).

**RESPONSE: The allegations in Paragraph 33 (misnumbered as 32) of Plaintiff's Complaint are denied.**

## COUNT TWO – BAD FAITH UNDER O.C.G.A. 13-6-11

34.
(misnumbered as 33)

Paragraphs 1 through 32 [sic] are incorporated herein by reference as though fully and completely set forth.

**RESPONSE: Defendant Bank of America, N.A. incorporates and re-alleges its responses to Paragraphs 1 through 33 (misnumbered as 32) of Plaintiff's Complaint as if fully set forth herein.**

35.
(misnumbered as 34)

Defendant **Bank of America Corporation,** by and through her agents, has acted in bad faith, has been stubbornly litigious in its conduct and has put the Plaintiff to unnecessary trouble and expense.

**RESPONSE: The allegations in Paragraph 35 (misnumbered as 34) of Plaintiff's Complaint are denied.**

36.
(misnumbered as 23)

By virtue of the foregoing, Defendant **Bank of America Corporation** has acted in bad faith, has been stubbornly litigious in his conduct and has caused Plaintiff unnecessary trouble and expense.

**RESPONSE: The allegations in Paragraph 36 (misnumbered as 23) of Plaintiff's Complaint are denied.**

All other allegations and prayers contained in Plaintiff's Complaint not heretofore specifically admitted are denied by Defendant Bank of America, N.A.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Bank of America,

N.A. prays as follows:

a)      that it be discharged without cost or liability to Defendant Bank of America, N.A.;

b)      that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c)      that costs and attorneys' fees be assessed against Plaintiff; and

d)      that it have such other relief as the Court deems just and proper.

THIS  14th  day of July, 2022.

Respectfully submitted,

BENDIN SUMRALL & LADNER, LLC

By:  /s/ Melanie Taylor
      MELANIE TAYLOR
      Georgia Bar Number 643325
      *Counsel for Defendant Bank of America. N.A.*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:   (404) 671-3100
Facsimile:    (404) 671-3080
E-mail:  MTaylor@bsllaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day presented **Defendant Bank of America, N.A.'s**

**Answer to Plaintiff's Complaint** to all parties to this matter by depositing a true copy of same

via electronic mail, properly addressed to the following:

>              Melvin L. Hewitt, Jr., Esq.
>              Hilary W. Hunter, Esq.
>              Isenberg & Hewitt, P.C.
>              600 Embassy Row, Suite 150
>              Atlanta, GA  30328
>              E-mail: mel@isenberg-hewitt.com
>              E-mail: hilary@isenberg-hewitt.com

THIS  14th  day of July, 2022.

>                    Respectfully submitted,
>
>                    BENDIN SUMRALL & LADNER, LLC
>
>
>                    By:  /s/ Melanie Taylor
>                       MELANIE TAYLOR
>                       Georgia Bar Number 643325
>                       *Counsel for Defendant Bank of America. N.A.*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:   (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  MTaylor@bsllaw.net

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03215-S6**
**7/14/2022 6:34 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CATHERINE HALL,                              )
                                             )
          Plaintiff,                     )
                                             )
                                             )       CIVIL ACTION FILE
v.                                           )       NO. 22-C-03215-S6
                                             )
BANK OF AMERICA CORPORATION,                 )
A Delaware corporation,                      )
                                             )
          Defendant.                     )
                                             )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have this day presented **Defendant Bank of America's First**

**Request for Admissions to Plaintiff** to all parties to this matter by depositing a true copy of same

via electronic mail, properly addressed to the following:

> Melvin L. Hewitt, Jr., Esq.
> Hilary W. Hunter, Esq.
> Isenberg & Hewitt, P.C.
> 600 Embassy Row, Suite 150
> Atlanta, GA  30328
> E-mail: mel@isenberg-hewitt.com
> E-mail: hilary@isenberg-hewitt.com

THIS  14th  day of July, 2022.

Respectfully submitted,

BENDIN SUMRALL & LADNER, LLC

By:  /s/ Melanie Taylor
    MELANIE TAYLOR
    Georgia Bar Number 643325
    *Counsel for Defendant Bank of America, N.A.*

1360 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:  (404) 671-3100
Facsimile:  (404) 671-3080
E-mail:  MTaylor@bsllaw.net

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CATHERINE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 22-C-03215-S6 |
| | ) |
| BANK OF AMERICA CORPORATION, | ) |
| A Delaware corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT BANK OF AMERICA, N.A.'S
## FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF CATHERINE HALL

COMES NOW, BANK OF AMERICA, N.A., (improperly named as "BANK OF AMERICA CORPORATION (hereinafter "Defendant"), Defendant in the above-captioned matter, and hereby files this, its First Request for Admissions to Plaintiff Catherine Hall pursuant to O.C.G.A. § 9-11-36 as follows.

1.

I am Catherine Hall, the Plaintiff in the above-captioned matter.

2.

I am seeking damages for my alleged injury(ies) that is the subject of this lawsuit as set forth in my Complaint.

3.

The total amount of damages I am seeking as referenced in Paragraph No. 32 is less than $75,000.00.

(*Signature contained on the following page*)

THIS __14th__ day of July, 2022.

Respectfully submitted,

BENDIN SUMRALL & LADNER, LLC


By: /s/ Melanie Taylor
    MELANIE TAYLOR
    Georgia Bar Number 643325
    *Counsel for Defendant Bank of America, N.A.*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:   (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  MTaylor@bsllaw.net

*Catherine Hall v. Bank of America*    State Court of Gwinnett County
DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF    Civil File No. 22-C-03215-S6
Page 2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day presented **Defendant Bank of America's First**

**Request for Admissions to Plaintiff** to all parties to this matter by depositing a true copy of same

via electronic mail, properly addressed to the following:

> Melvin L. Hewitt, Jr., Esq.
> Hilary W. Hunter, Esq.
> Isenberg & Hewitt, P.C.
> 600 Embassy Row, Suite 150
> Atlanta, GA  30328
> E-mail: mel@isenberg-hewitt.com
> E-mail: hilary@isenberg-hewitt.com

THIS  14th  day of July, 2022.

Respectfully submitted,

BENDIN SUMRALL & LADNER, LLC

By:  /s/ Melanie Taylor                                
MELANIE TAYLOR
Georgia Bar Number 643325
*Counsel for Defendant Bank of America, N.A.*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:   (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  MTaylor@bsllaw.net

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03215-S6**

**7/14/2022 6:34 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CATHERINE HALL,                          )
                                         )
            Plaintiff,                    )
                                         )        CIVIL ACTION FILE
v.                                       )        NO. 22-C-03215-S6
                                         )
BANK OF AMERICA CORPORATION,             )
A Delaware corporation,                  )
                                         )
            Defendant.                    )
                                         )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have this day presented **Defendant Bank of America's First**

**Request for Admissions to Plaintiff** to all parties to this matter by depositing a true copy of same

via electronic mail, properly addressed to the following:

> Melvin L. Hewitt, Jr., Esq.
> Hilary W. Hunter, Esq.
> Isenberg & Hewitt, P.C.
> 600 Embassy Row, Suite 150
> Atlanta, GA  30328
> E-mail: mel@isenberg-hewitt.com
> E-mail: hilary@isenberg-hewitt.com

THIS  14th  day of July, 2022.

Respectfully submitted,

BENDIN SUMRALL & LADNER, LLC

By: /s/ Melanie Taylor
    MELANIE TAYLOR
    Georgia Bar Number 643325
    *Counsel for Defendant Bank of America, N.A.*

1360 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:  (404) 671-3100
Facsimile:  (404) 671-3080
E-mail:  MTaylor@bsllaw.net

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03215-S6**
**7/18/2022 2:10 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **CATHERINE HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | |
| | ) | **NO. 22-C-03215-S6** |
| **BANK OF AMERICA CORPORATION,** | ) | |
| **a Delaware corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of Plaintiff's Response to Defendant's First

Request for Admissions upon counsel for defendant via Statutory Electronic Service upon the

following:

Melanie Taylor (mtaylor@bsllaw.net)

This 18th day of July, 2022

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
MELVIN L. HEWITT, JR.
Georgia Bar No. 350319
HILARY W. HUNTER
Georgia Bar No. 742696
**Attorneys for Plaintiff**

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
T 770-351-4400
F 770-828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CATHERINE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 22-C-03215-S6 |
| BANK OF AMERICA CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS**</u>

      **COMES NOW CATHERINE HALL** and responds to Defendant's First Request for Admissions as follows:

1.

      I am Catherine Hall, the Plaintiff in the above-captioned matter.

**<u>RESPONSE</u>**:

Admitted.

2.

      I am seeking damages for my alleged injury(ies) that is the subject of this lawsuit as set forth in my Complaint.

**<u>RESPONSE</u>**:

Admitted.

3.

      The total amount of damages I am seeking as referenced in Paragraph No. 32 is less than $75,000.00

**RESPONSE**:

Plaintiff admits the special damages set forth in paragraph number 32 of Plaintiff's Complaint is less than $75,000.00. Plaintiff denies that her special and general damages are less than $75,000.00.

This 18th day of July, 2022.

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
MELVIN L. HEWITT, JR.
Georgia Bar No. 350319
HILARY HUNTER
Georgia Bar No. 742696
Attorneys for the Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03215-S6**

**7/29/2022 1:50 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CATHERINE HALL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | |
| | ) | **NO. 22-C-03215-S6** |
| BANK OF AMERICA CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>CONSENT MOTION TO SUBSTITUTE A PARTY DEFENDANT</u>

**COMES NOW** Plaintiff Catherine Hall ("Plaintiff"), with the consent of Defendant, and moves this Court to substitute Bank of America Corporation with Bank America, N.A. as the properly named party defendant and to allow Plaintiff to file and serve an Amended Complaint, amending said Complaint to identify the proper Defendant, Bank of America, N.A.

### Brief Statement of Material Facts

It has been determined that the proper defendant at the time of the subject incident for the property at issue, previously identified as Bank of America Corporation is Bank of America, N.A.; and therefore a proper party defendant in this action is Bank of America, N.A. which should be named as a party defendant.

### Argument and Citation to Authority

O.C.G.A. § 9-11-21 provides that parties may be dropped or added by Order of the court, by a motion of any party, or of its own initiative at any stage of the action and on such terms as are just. Considering the nature of this motion, the Court should substitute Bank of America, N.A. as a substitute for Bank of America Corporation.

O.C.G.A. § 9-11-15(a) and (b) respectively and in pertinent part provide that 'a party may amend his pleading as a matter of course … at any time before the entry of a pretrial order…and that leave shall be freely given when justice so requires' and that 'amendments need to conform to the evidence'. Here, it is clear that justice requires that Bank of America, N.A. be added as a party defendant.  A copy of Plaintiff's proposed Amended Complaint is attached hereto as Exhibit 'A'.

### Conclusion and Request for Relief

Given the material facts of this case, the Court should substitute Bank of America, N.A. for Bank of America Corporation and allow Plaintiff to file and properly serve Bank of America, N.A. with the attached Amended Complaint.  A proposed Order accompanies this Motion.

**WHEREFORE**, Plaintiff respectfully moves this Court to add Bank of America, N.A. as a party defendant and that plaintiff be allowed to file and serve the attached Amended Complaint.

Respectfully submitted this 29th day of  July 2022.

                         **ISENBERG & HEWITT, P.C.**

                         */s/* Melvin L. Hewitt
                         MELVIN L. HEWITT, JR.
                         Georgia Bar No. 350319
                         HILARY HUNTER
                         Georgia Bar No. 742696
                         Attorneys for Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@ienberg-hewitt.com

Consented to by:

**BENDIN SUMRALL & LADNER, LLC**

/s/ Melanie Taylor (by MLH w/express permission)
MELANIE TAYLOR
Georgia Bar No. 643325

Attorney for Defendant
1360 Peachtree St NE, Suite 800
Atlanta GA 30309
(404) 671-3100
mtaylor@bsllw.net

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

CATHERINE HALL,                    )
                                    )
    Plaintiff,              )
                                    )        CIVIL ACTION FILE
v.                                  )
                                    )        NO. 22-C-03215-S6
BANK OF AMERICA CORPORATION, )
a Delaware corporation,             )
                                    )
    Defendant.              )
_____

## CERTIFICATE OF SERVICE

    This is to certify that I have caused a copy of the foregoing Consent Motion to Substitute

a Party Defendant to be served upon counsel for Defendant via notification through the Court's

Odyssey e-filing system.

    This 29th day of July 2022.

                    ISENBERG & HEWITT, P.C.

                    */s/* Melvin L. Hewitt
                    Melvin L. Hewitt, Jr
                    Georgia Bar No. 350319
                    *Attorney for Plaintiff*

600 Embassy Row, Suite 150
Atlanta, GA 30328
T 770 351 4400
mel@isenberg-hewitt.com

# Exhibit A

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

CATHERINE HALL,                              )
                                             )
                        **Plaintiff,**       )
                                             )     **CIVIL ACTION FILE**
v.                                           )
                                             )     **NO. 22-C-03215-S6**
BANK OF AMERICA N.A.,                        )
a Delaware corporation,                      )
                                             )
                        **Defendant.**       )

_____

**AMENDED COMPLAINT FOR NEGLIGENCE**

     **COMES NOW CATHERINE HALL**, Plaintiff in the above styled action, and files this

her Amended Complaint for negligence against defendant **Bank of America, N.A.** and shows this

Honorable Court as follows:

**THE PARTES, JURISDICTON AND VENUE**

1.

     Plaintiff, **Catherine Hall** (hereinafter sometimes referred to by name or as "Plaintiff") is a

resident of the State of Georgia and by the filing of this Complaint, submits to the jurisdiction and

venue of this Honorable Court.

2.

     Defendant **Bank of America, N.A.** (hereinafter sometimes referred to herein as "**BOA**"

or as "Defendant") is a national association, lawfully doing business in Georgia.

3.

     Defendant **Bank of America, N.A.** has, as its principal place of business at 100 N. Tyron

Street, Charlotte, North Carolina 28255 and at all times relevant hereto, owned and operated and

transacted business at its branch location at 1775 Howell Mill Road, Atlanta, Fulton County, Georgia.

4.

Defendant **Bank of America, N.A.** has, as its Registered Agent in Georgia, CT CORPORATION, having its office located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

5.

Defendant **Bank of America, N.A.** may be properly served in this action by delivering a Summons and Complaint in this action to its Registered Agent, **CT CORPORATION**.

6.

Jurisdiction and venue as to Defendant **Bank of America, N.A.** is proper in this Honorable Court.

## FACTUAL BACKGROUND and ALLEGATIONS

7.

At or about 1:30 p.m. on April 22, 2022, Plaintiff Catherine Hall went into the 1775 Howell Mill Road branch of Defendant BOA (hereinafter sometimes "the Howell Mill Branch").

8.

Prior to entering the Bank of America Howell Mill branch building, Plaintiff parked her vehicle in the Howell Mill Branch parking area.

9.

After entering the Howell Mill Branch lobby, Plaintiff went to one of the teller areas and withdrew nine thousand ($9,000.00) dollars.

10.

After making the nine thousand ($9,000.00) dollar withdrawal, Plaintiff exited the Howell Mill Branch building and began walking toward her vehicle.

11.

While still in the Howell Mill Branch parking lot, as Plaintiff opened her car door and started to get into her vehicle, an as-yet-to-be-identified black male wearing dark clothing (hereinafter "the assailant") reached into the open door of Plaintiff's vehicle and grabbed at Plaintiff's purse.

12.

The assailant, armed with a black handgun, continued to push and pull the Plaintiff and struggle to steal her purse.

13.

During the above-described assault, Plaintiff was screaming and kicking.

14.

Ultimately the as-yet-to-be-identified black male assailant was able to take the Plaintiff's purse and then ran from the area.

15.

As a result of the attack, Plaintiff's purse and the $9,000.00 withdrawal, along with Plaintiff's cell phone, wallet, credit cards, automobile and house keys, and several other miscellaneous items were stolen.

16.

As a result of the attack, Plaintiff incurred relatively minor physical injuries from the above-described assault as well as a chipped tooth.

## <u>LIABILITY</u>

## COUNT ONE - NEGLIGENCE

### 17.

Paragraphs 1 through 16 are incorporated herein by reference as though fully and completely set forth.

### 18.

At all times relevant hereto, Defendant **Bank of America, N.A.**, owed a duty to exercise a reasonable degree of care to keep the premises safe from reasonably foreseeable dangerous and unlawful acts on their premises.

### 19.

At all times relevant hereto, Defendant **Bank of America, N.A.** was required to exercise reasonable care and diligence in the performance of carrying out its duties with respect to the Premises.

### 20.

At all times relevant hereto, Defendant **Bank of America, N.A.** knew, not only of reasonably foreseeable dangers associated with people doing business at a banking premises, but of the dangerous conditions on the 1775 Howell Mill Road premises and of the likelihood that acts of violence resulting in injury to customers, invitees, and others lawfully on the premises were reasonably foreseeable.

21.

At all times relevant hereto, Defendant **Bank of America, N.A.** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff and others lawfully on the Premises.

22.

The conduct of Defendant **Bank of America, N.A.** in caring for, maintaining, controlling and supervising the Premises as described above and to be shown with additional certainty at trial, demonstrated a want of even the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequences and gross negligence.

23.

At all times relevant hereto, Defendant **Bank of America, N.A.** was required to comply with various local, state and/or federal banking laws and regulations.

24.

At all times relevant hereto, Defendant **Bank of America, N.A.** was required to perform certain security-related and/or criminal incident related surveys at the premises at issue in this lawsuit.

25.

At all times relevant hereto, Defendant **Bank of America, N.A.** knew of available deterrents to the type of crime inflicted upon the Plaintiff.

26.

At all times relevant hereto, Defendant **Bank of America, N.A.** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff and

others lawfully on the premises from reasonably foreseeable, unlawful criminal acts on their property.

27.

The conduct of Defendant **Bank of America, N.A.** in caring for, maintaining, controlling and supervising their premises, demonstrated a want of even  the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequences and gross negligence.

28.

As a direct consequence of the negligence of Defendant **Bank of America, N.A.,** Plaintiff incurred significant physical and emotional injuries and was caused to suffer physical and mental anguish, anxiety and distress.

## **<u>DAMAGES</u>**

29.

Paragraphs 1 through 28 are incorporated herein by reference as though fully and completely set forth.

30.

As a direct and proximate result of the negligence of Defendant **Bank of America, N.A.**, Plaintiff Catherine Hall sustained personal physical injuries and incurred special damages in the form of medical expenses as follows:

Thomas W. Kauffman, DDS                    $3,375.00

for which she seeks to recover against the Defendant.

31.

As a direct and proximate result of the negligence of Defendant **Bank of America, N.A.**, Plaintiff Catherine Hall is likely to incur additional medical expenses prior to and subsequent to the trial of this case, for which Plaintiff seeks to recover against the defendants.

32.

As a direct and proximate result of the negligence of Defendant **Bank of America, N.A.**, Plaintiff has suffered general damages to include:

    (a)     past, present and future physical pain and suffering;

    (b)     past, present and future mental suffering and mental anguish;

    (c)     all other components of pain and suffering, in addition to mental and physical pain and suffering;

all of which are compensable under Georgia law and which will be demonstrated at trial and for which the Plaintiff is entitled to recover from the Defendants.

33.

As a direct and proximate result of the negligence of the Defendant **Bank of America, N.A.**, Plaintiff Catherine Hall incurred special damages including but not necessarily limited to the nine thousand ($9,000.00) dollars in cash stolen from her in the above described incident as well as  the expenses incurred for having her vehicle towed to the dealership ($295.00) to have new automobile keys and programmed ($842.91) as well as having the locks changed and new keys made at her home ($574.63).

## COUNT TWO - BAD FAITH UNDER O.C.G.A. 13-6-11

34.

Paragraphs 1 through 33 are incorporated herein by reference as though fully and completely set forth.

35.

Defendant **Bank of America, N.A.**, by and through her agents, has acted in bad faith, has been stubbornly litigious in its conduct and has put the Plaintiff to unnecessary trouble and expense.

36.

By virtue of the foregoing, Defendant **Bank of America, N.A.** has acted in bad faith, has been stubbornly litigious in his conduct and has caused Plaintiff unnecessary trouble and expense.

**WHEREFORE,** having set forth her claims for relief, Plaintiff prays that she recover judgment against Defendant **Bank of America, N.A.** as follows:

(a)      For trial by jury; and

(b)      To the extent permissible by law, for compensatory damages for the physical and emotional pain and suffering of Plaintiff in amount to be determined by the enlightened conscience of the jury; and

(c)      To the extent permissible by law for Plaintiff's special damages for her loss of personal assets, including the $9,000.00 in cash stolen from her, the expenses incurred to replace the stolen set of keys, and all Plaintiff's expenses associated with the medical expenses she incurred as a result of the assault she incurred on Defendant's Premises as shown at trial; and

(d)      For attorney's fees and costs of litigation; and

(e)     For such other and further relief as this court deems just and proper.


This _____ day of July 2022.

ISENBERG & HEWITT, P.C.


_____
MELVIN L. HEWITT, JR.
Georgia Bar No. 350319
HILARY HUNTER
Georgia Bar No. 742696
Attorneys for the Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03215-S6**
**8/3/2022 1:22 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CATHERINE HALL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | |
| | ) | **NO. 22-C-03215-S6** |
| BANK OF AMERICA CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### ORDER GRANTING CONSENT MOTION TO SUBSTITUTE A PARTY DEFENDANT

Plaintiff, having moved this Honorable Court for a Substitution of a Party Defendant because the proper party was not previously a party to this suit,

**IT IS THE JUDGMENT OF THIS COURT** that Bank of America, N.A. is added as a party defendant, and plaintiff may file her Amended Complaint reflecting same.

The style of the case shall now read *Catherine Hall vs. Bank of America, N.A.*

**SO ORDERED** this 3rd day of August 2022.

_____
Honorable Veronica ~~Pope~~ Cope
Judge, State Court of Gwinnett County

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03215-S6**

**8/15/2022 3:05 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **CATHERINE HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | |
| | ) | **NO. <u>22-C-03215-S6</u>** |
| **BANK OF AMERICA N.A.,** | ) | |
| **a Delaware corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### AMENDED COMPLAINT FOR NEGLIGENCE

**COMES NOW CATHERINE HALL**, Plaintiff in the above styled action, and files this

her Amended Complaint for negligence against defendant **Bank of America, N.A.** and shows this

Honorable Court as follows:

### THE PARTES, JURISDICTON AND VENUE

1.

Plaintiff, **Catherine Hall** (hereinafter sometimes referred to by name or as "Plaintiff") is a

resident of the State of Georgia and by the filing of this Complaint, submits to the jurisdiction and

venue of this Honorable Court.

2.

Defendant **Bank of America, N.A.** (hereinafter sometimes referred to herein as "**BOA**"

or as "Defendant") is a national association, lawfully doing business in Georgia.

3.

Defendant **Bank of America, N.A.** has, as its principal place of business at 100 N. Tyron

Street, Charlotte, North Carolina 28255 and at all times relevant hereto, owned and operated and

transacted business at its branch location at 1775 Howell Mill Road, Atlanta, Fulton County, Georgia.

4.

Defendant **Bank of America, N.A.**  has, as its Registered Agent in Georgia, CT CORPORATION, having its office located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

5.

Defendant **Bank of America, N.A.**  may be properly served in this action by delivering a Summons and Complaint in this action to its Registered Agent, **CT CORPORATION**.

6.

Jurisdiction and venue as to Defendant **Bank of America, N.A.**  is proper in this Honorable Court.

## FACTUAL BACKGROUND and ALLEGATIONS

7.

At or about 1:30 p.m. on April 22, 2022, Plaintiff Catherine Hall went into the 1775 Howell Mill Road branch of Defendant BOA (hereinafter sometimes "the Howell Mill Branch").

8.

Prior to entering the Bank of America Howell Mill branch building, Plaintiff parked her vehicle in the Howell Mill Branch parking area.

9.

After entering the Howell Mill Branch lobby, Plaintiff went to one of the teller areas  and withdrew nine thousand ($9,000.00) dollars.

10.

After making the nine thousand ($9,000.00) dollar withdrawal, Plaintiff exited the Howell Mill Branch building and began walking toward her vehicle.

11.

While still in the Howell Mill Branch parking lot, as Plaintiff opened her car door and started to get into her vehicle, an as-yet-to-be-identified black male wearing dark clothing (hereinafter "the assailant") reached into the open door of Plaintiff's vehicle and grabbed at Plaintiff's purse.

12.

The assailant, armed with a black handgun, continued to push and pull the Plaintiff and struggle to steal her purse.

13.

During the above-described assault, Plaintiff was screaming and kicking.

14.

Ultimately the as-yet-to-be-identified black male assailant was able to take the Plaintiff's purse and then ran from the area.

15.

As a result of the attack, Plaintiff's purse and the $9,000.00 withdrawal, along with Plaintiff's cell phone, wallet, credit cards, automobile and house keys, and several other miscellaneous items were stolen.

16.

As a result of the attack, Plaintiff incurred relatively minor physical injuries from the above-described assault as well as a chipped tooth.

## LIABILITY

## COUNT ONE - NEGLIGENCE

### 17.

Paragraphs 1 through 16 are incorporated herein by reference as though fully and completely set forth.

### 18.

At all times relevant hereto, Defendant **Bank of America, N.A.**, owed a duty to exercise a reasonable degree of care to keep the premises safe from reasonably foreseeable dangerous and unlawful acts on their premises.

### 19.

At all times relevant hereto, Defendant **Bank of America, N.A.** was required to exercise reasonable care and diligence in the performance of carrying out its duties with respect to the Premises.

### 20.

At all times relevant hereto, Defendant **Bank of America, N.A.** knew, not only of reasonably foreseeable dangers associated with people doing business at a banking premises, but of the dangerous conditions on the 1775 Howell Mill Road premises and of the likelihood that acts of violence resulting in injury to customers, invitees, and others lawfully on the premises were reasonably foreseeable.

21.

At all times relevant hereto, Defendant **Bank of America, N.A.** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff  and others lawfully on the Premises.

22.

The conduct of Defendant **Bank of America, N.A.** in caring for, maintaining, controlling and supervising the Premises as described above and to be shown with additional certainty at trial, demonstrated a want of even  the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequences and gross negligence.

23.

At all times relevant hereto, Defendant **Bank of America, N.A.** was required to comply with various local, state and/or federal banking laws and regulations.

24.

At all times relevant hereto, Defendant **Bank of America, N.A.** was required to perform certain security-related and/or criminal incident related surveys at the premises at issue in this lawsuit.

25.

At all times relevant hereto, Defendant **Bank of America, N.A.** knew of available deterrents to the type of crime inflicted upon the Plaintiff.

26.

At all times relevant hereto, Defendant **Bank of America, N.A.** was negligent in the carrying out of its duty to exercise ordinary care in providing for the safety of the Plaintiff and

others lawfully on the premises from reasonably foreseeable, unlawful criminal acts on their property.

27.

The conduct of Defendant **Bank of America, N.A.** in caring for, maintaining, controlling and supervising their premises, demonstrated a want of even  the slightest degree of care and diligence, such slightness of care and diligence constituting complete carelessness and inattention so as to constitute and indifference to consequences and gross negligence.

28.

As a direct consequence of the negligence of Defendant **Bank of America, N.A.,** Plaintiff incurred significant physical and emotional injuries and was caused to suffer physical and mental anguish, anxiety and distress.

<strong><u>DAMAGES</u></strong>

29.

Paragraphs 1 through 28 are incorporated herein by reference as though fully and completely set forth.

30.

As a direct and proximate result of the negligence of Defendant **Bank of America, N.A.**, Plaintiff Catherine Hall sustained personal physical injuries and incurred special damages in the form of medical expenses as follows:

Thomas W. Kauffman, DDS                 $3,375.00

for which she seeks to recover against the Defendant.

31.

As a direct and proximate result of the negligence of Defendant **Bank of America, N.A.**, Plaintiff Catherine Hall is likely to incur additional medical expenses prior to and subsequent to the trial of this case, for which Plaintiff seeks to recover against the defendants.

32.

As a direct and proximate result of the negligence of Defendant **Bank of America, N.A.**, Plaintiff has suffered general damages to include:

    (a)      past, present and future physical pain and suffering;

    (b)      past, present and future mental suffering and mental anguish;

    (c)      all other components of pain and suffering, in addition to mental and physical pain and suffering;

all of which are compensable under Georgia law and which will be demonstrated at trial and for which the Plaintiff is entitled to recover from the Defendants.

33.

As a direct and proximate result of the negligence of the Defendant **Bank of America, N.A.**, Plaintiff Catherine Hall incurred special damages including but not necessarily limited to the nine thousand ($9,000.00) dollars in cash stolen from her in the above described incident as well as  the expenses incurred for having her vehicle towed to the dealership ($295.00) to have new automobile keys and programmed ($842.91) as well as having the locks changed and new keys made at her home ($574.63).

## COUNT TWO - BAD FAITH UNDER O.C.G.A. 13-6-11

34.

Paragraphs 1 through 33 are incorporated herein by reference as though fully and completely set forth.

35.

Defendant **Bank of America, N.A.**, by and through her agents, has acted in bad faith, has been stubbornly litigious in its conduct and has put the Plaintiff to unnecessary trouble and expense.

36.

By virtue of the foregoing, Defendant **Bank of America, N.A.** has acted in bad faith, has been stubbornly litigious in his conduct and has caused Plaintiff unnecessary trouble and expense.

**WHEREFORE,** having set forth her claims for relief, Plaintiff prays that she recover judgment against Defendant **Bank of America, N.A.** as follows:

(a)     For trial by jury; and

(b)     To the extent permissible by law, for compensatory damages for the physical and emotional pain and suffering of Plaintiff in amount to be determined by the enlightened conscience of the jury; and

(c)     To the extent permissible by law for Plaintiff's special damages for her loss of personal assets, including the $9,000.00 in cash stolen from her, the expenses incurred to replace the stolen set of keys, and all Plaintiff's expenses associated with the medical expenses she incurred as a result of the assault she incurred on Defendant's Premises as shown at trial; and

(d)     For attorney's fees and costs of litigation; and

(e)      For such other and further relief as this court deems just and proper.


This 15th day of August, 2022.

                                        ISENBERG & HEWITT, P.C.

                                        */s/ Melvin L Hewitt*
                                        MELVIN L. HEWITT, JR.
                                        Georgia Bar No. 350319
                                        HILARY HUNTER
                                        Georgia Bar No. 742696
                                        Attorneys for the Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

CATHERINE HALL,                          )
                                         )
                  Plaintiff,             )
                                         )        **CIVIL ACTION FILE**
v.                                       )
                                         )        **NO. <u>22-C-03215-S6</u>**
BANK OF AMERICA N.A.,                    )
a Delaware corporation,                  )
                                         )
                  Defendant.             )

### CERTIFICATE OF SERVICE

This is to certify that I have caused a copy of the foregoing Amended Complaint to be

served upon counsel for Defendant via notification through the Court's Odyssey efiling system.


This 15th day of August, 2022.

                              ISENBERG & HEWITT, P.C.

                              */s/ Melvin L Hewitt*
                              MELVIN L. HEWITT, JR.
                              Georgia Bar No. 350319
                              HILARY HUNTER
                              Georgia Bar No. 742696
                              Attorneys for the Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
(770) 351-4400
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| CATHERINE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| A Delaware corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CIVIL ACTION FILE
NO. 22-C-03215-S6

## <u>NOTICE OF FILING OF DEFENDANT'S NOTICE OF REMOVAL</u>

Please take notice that BANK OF AMERICA, N.A., Defendant in the above-captioned matter, has this  16th  day of August, 2022, filed a Notice of Removal, a copy of which is attached, in the Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division.

BENDIN SUMRALL & LADNER, LLC

By:  /s/ Melanie Taylor
MELANIE TAYLOR
Georgia Bar Number 643325
*Counsel for Defendant Bank of America*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  MTaylor@bsllaw.net

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day presented **Notice of Filing of Defendant's Notice of Removal** to all parties to this matter by depositing a true copy of same via electronic mail, properly addressed to the following:

> Melvin L. Hewitt, Jr., Esq.
> Hilary W. Hunter, Esq.
> Isenberg & Hewitt, P.C.
> 600 Embassy Row, Suite 150
> Atlanta, GA  30328
> E-mail: mel@isenberg-hewitt.com
> E-mail: hilary@isenberg-hewitt.com

THIS   16th   day of August, 2022.

> Respectfully submitted,
>
> BENDIN SUMRALL & LADNER, LLC
>
>
> By:  /s/ Melanie Taylor
>    MELANIE TAYLOR
>    Georgia Bar Number 643325
>    *Counsel for Defendant Bank of America*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:(404) 671-3100
Facsimile: (404) 671-3080
E-mail:  MTaylor@bsllaw.net

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CATHERINE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 22-C-03215-S6 |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| A Delaware corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF FILING OF DEFENDANT'S NOTICE OF REMOVAL

Please take notice that BANK OF AMERICA, N.A., Defendant in the above-captioned matter, has this ___16th___ day of August, 2022, filed a Notice of Removal, a copy of which is attached, in the Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division.

BENDIN SUMRALL & LADNER, LLC

By: /s/ Melanie Taylor
MELANIE TAYLOR
Georgia Bar Number 643325
*Counsel for Defendant Bank of America*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 671-3100
Facsimile:  (404) 671-3080
E-mail:  MTaylor@bsllaw.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day presented **Notice of Filing of Defendant's Notice of Removal** to all parties to this matter by depositing a true copy of same via electronic mail, properly addressed to the following:

Melvin L. Hewitt, Jr., Esq.
Hilary W. Hunter, Esq.
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, GA  30328
E-mail: mel@isenberg-hewitt.com
E-mail: hilary@isenberg-hewitt.com

THIS  16th  day of August, 2022.

Respectfully submitted,

BENDIN SUMRALL & LADNER, LLC


By:  /s/ Melanie Taylor
MELANIE TAYLOR
Georgia Bar Number 643325
*Counsel for Defendant Bank of America*

One Midtown Plaza, Suite 800
1360 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:(404) 671-3100
Facsimile: (404) 671-3080
E-mail:  MTaylor@bsllaw.net